UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAVEL ZISSU and AISE ZISSU, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> IH2 PROPERTY ILLINOIS, L.P., a ) <br> Delaware Limited Partnership, ) <br> ) <br> Defendant. ) | Case No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

NOW COME Plaintiffs PAVEL ZISSU and AISE ZISSU (hereinafter referred to as "Plaintiffs"), by and through their attorneys, Anthony J. Peraica and Associates, Ltd., and complaining against Defendant, IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership, state as follows:

### NATURE OF CLAIM

1. Plaintiffs bring this action to remedy the negligence and destruction of personal property through the acts and/or omissions of Defendant and the emotional distress suffered as a result of the Defendant's acts and/or omissions.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (diversity jurisdiction) and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

3. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391 because the

1

events or omissions giving rise to the claim occurred within this District, and the events giving rise to the claims, occurred within the jurisdictional boundaries of the Northern District of Illinois.

**PARTIES**

4. At all times relevant hereto, Plaintiffs PAVEL ZISSU and AISE ZISSU are citizens of United States and the State of Illinois and resided in the City of Chicago, County of Cook, State of Illinois.

5. Defendant, IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership (hereinafter referred to as "IH2") located in the State of Delaware, and is organized pursuant to Delaware state law.

6. The acts and/or omissions of the partners of IH2 PROPERTY ILLINOIS is attributable to the partnership.

**FACTUAL BACKGROUND**

7. At all relevant times herein, IH2 was engaged in the business of owning properties in the State of Illinois, including evicting residents of said properties.

8. At all relevant times herein, IH2 acted through its partners, agents, officers, servants, and/or employees.

9. At all relevant times herein, Plaintiffs resided at 6249 North Karlov Avenue, City of Chicago, County of Cook, State of Illinois (hereinafter referred to as "subject premises").

10. At all relevant times herein, Defendant was on notice that Plaintiffs did not abandon the subject premises or personal property therein.

11. On or about January 26, 2015, IH2 arrived at the subject premises, along with the Cook

County Sheriff, to obtain possession of the subject premises only and to evict anyone residing therein, subject to an Order for Possession issued by Judge Alfredo Maldonado of the Circuit Court of Cook County on October 16, 2014.

12. At all relevant times herein, Defendant were on notice that Plaintiffs were elderly and suffered from serious medical conditions.

13. Upon information and belief, the Cook County Sheriff did not find any residents upon entry into the subject premises.

14. Upon information and belief, the Cook County Sheriff photographed all personal property belonging to the Plaintiffs inside of the subject premises on the day of eviction.

15. Upon information and belief, the Cook County Sheriff turned over possession of only the subject premises to IH2.

16. According to the aforementioned order entered on October 16, 2014, Judge Maldonado only granted possession of the subject premises to IH2 and not to the Plaintiffs' personalty.

17. At all relevant times herein, Defendants were on notice that Plaintiffs had made arrangements to move personal possessions.

18. On or about January 26, 2015, the weather was twenty-one (21) degrees Fahrenheit, with a mix of snow and rain, and there was ice and snow on the grounds of the property.

19. Upon information and belief, IH2 through its partners, agents, employees and/or assigns seized, removed and discarded all personal property belonging to the Plaintiffs from the subject premises, including, but not limited to, personal papers containing private and sensitive identity information, photographs, expensive jewelry, electronics, furniture, clothing and prescription medication.

20. Upon information and belief, the Plaintiff's personal belongings were then scattered and

strewn about in public view and disposed of as garbage.

21. Among the personal items of the Plaintiffs' that were damaged, destroyed, stolen or thrown out include but are not limited to televisions, clothing, refrigerator/freezer full of food, washer and dryer, DVD players, copper pots and pans, silverware, dining room set, dishes, Gold Icon watch from Greece, bedroom sets, TV stands, bar stools, jewelry, art work/pictures, medication and vitamins, tax returns, contracts, receipts, credit card statements, bank statements, photographs and cash.

## COUNT I – NEGLIGENCE

22. Plaintiffs incorporate Paragraphs 1-21 above as Paragraph 22 in Count I.

23. IH2 owed a duty to Plaintiffs to protect their personal belongings during and after the eviction.

24. On the day of eviction, Plaintiffs gave notice by leaving a sign in plain view specifically stating that the personalty was not abandoned and should not be touched nor discarded.

25. It was foreseeable and a substantial certainty that by discarding the personal property outside and into public view, including but not limited to documents containing sensitive information, photographs, jewelry, furniture and electronics, Plaintiffs' possessions, in addition to their identities, could be stolen resulting in permanent losses.

26. The likelihood of theft of the personalty was extremely high due to the value and type of the items discarded and left unprotected.

27. It was foreseeable and a substantial certainty that by discarding all aforementioned personal property outside, it would be damaged or destroyed by the snow, rain, ice and freezing temperatures causing permanent loss.

28. The likelihood of damage was extremely high, if not 100% probable, from the day's

inclement weather as well as from the accumulation on previous days.

29. The consequences of placing the burden on the Defendant is minor, if any, and would not have prejudiced the Defendant.

30. As a direct and proximate result of said acts, Plaintiffs have suffered property loss and distress and continue to suffer distress and expenses, in excess of $75,000.00.

WHEREFORE, Plaintiffs PAVEL ZISSU AND AISE ZISSU respectfully pray that this Honorable Court enter judgment in their favor against Defendant IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership, for damages in excess of $75,000.00 and compensatory damages, interest, attorneys' fees, and all other appropriate relief to which they are entitled under the law.

## COUNT II – TRESPASS TO CHATTELS

31. Plaintiffs reallege Paragraphs 1-30 of the previous sections of the Complaint as Paragraph 31 of this Count II.

32. The Defendant intended to assert dominion and/or control over the Plaintiffs' aforementioned personal property due to being inside the subject premises.

33. The Defendant asserted dominion and/or control over the Plaintiffs' aforementioned personal property inside the subject premises.

34. The Defendant asserted physical dominion and/or control over the Plaintiffs' aforementioned personal property by removing it from the subject premises.

35. The Defendant's dominion and/or control resulted in harm to the property and caused interference with Plaintiffs' use of the property.

36. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal

property, emotional distress and ailments, and continue to suffer distress and expenses, which exceed $75,000.00.

WHEREFORE, Plaintiffs PAVEL ZISSU AND AISE ZISSU respectfully pray that this Honorable Court enter judgment in their favor against Defendant IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership, for damages in excess of $75,000.00 and including but not limited to compensatory damages, interest, attorneys' fees, and all other appropriate relief to which they are entitled under the law.

### COUNT III – CONVERSION

37. Plaintiffs reallege Paragraphs 1-36 of the previous sections of the Complaint as Paragraph 37 of this Count III.

38. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal property and continue to suffer distress and expenses.

WHEREFORE, Plaintiffs PAVEL ZISSU AND AISE ZISSU respectfully pray that this Honorable Court enter judgment in their favor against Defendant IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership, for damages in excess of $75,000.00, compensatory damages, interest, attorneys' fees, and all other appropriate relief to which they are entitled under the law.

### COUNT IV – BAILMENT

39. Plaintiffs reallege Paragraphs 1-38 of the previous sections of the Complaint as Paragraph 39 of this Count IV.

40. An implied bailment of the Plaintiffs' personal property was created when only the subject premises was turned over by the Cook County Sheriff to the Defendant.

41. The Defendant accepted the Plaintiffs' personal property in good condition upon

acceptance of the subject premises.

42. The Defendant failed to return the personalty in its entirety and failed to return the property in non-damaged condition.

43. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal property and continue to suffer distress and expenses.

WHEREFORE, Plaintiffs PAVEL ZISSU AND AISE ZISSU respectfully pray that this Honorable Court enter judgment in their favor against Defendant IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership, for damages in excess of $75,000.00 and compensatory damages, interest, attorneys' fees, and all other appropriate relief to which they are entitled under the law.

**COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44. Plaintiffs reallege Paragraphs 1-43 of the previous sections of the Complaint as Paragraph 44 of this Count V.

45. Defendant's conduct in removing and disposing of Plaintiffs' personal property was extreme and outrageous, especially relating to, but not limited to, life-saving prescription medication, sensitive documents containing personal information, expensive jewelry and electronics.

46. Defendant intended to cause and/or recklessly caused and/or consciously disregarded the probability of causing emotional distress to the ill, elderly Plaintiffs.

47. Plaintiffs in fact suffered severe emotional distress upon finding their belongings, including the aforementioned life-saving prescription medication, sensitive documents containing personal information, expensive jewelry and electronics, strewn about in the ice, snow and rain outside of the subject premises or completely missing.

48. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer distress and expenses.

WHEREFORE, Plaintiffs PAVEL ZISSU AND AISE ZISSU respectfully pray that this Honorable Court enter judgment in their favor against Defendant IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership, for damages in excess of $75,000.00 and compensatory damages, interest, attorneys' fees, and all other appropriate relief to which they are entitled under the law.

Respectfully Submitted,

/s/ Anthony J. Peraica

ANTHONY J. PERAICA, ARDC NO. 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
(773) 735-1700