IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAVEL ZISSU and AISE ZISSU, | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) Case No. 15-cv-02394 |
| IH2 PROPERTY ILLINOIS, L.P., a Delaware limited partnership and THR Brokerage IL INC. d/b/a Invitation Homes, a Delaware limited partnership, | ) Judge John Z. Lee ) ) ) ) |
|     Defendants. | ) |

### IH2 PROPERTY ILLINOIS, L.P. AND THR BROKERAGE IL INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, IH2 Property Illinois, LP ("IH2 Property") and THR Brokerage IL Inc. ("THR Brokerage") (IH2 Property and THR Brokerage, collectively, "Defendants"), by and through their attorneys, Miles V. Cohen and Sonia S. Kinra of Scott & Kraus, LLC, for their Answer to Plaintiffs First Amended Complaint filed by Pavel Zizzu and Aise Zizzu ("Plaintiffs"), states as follows:

### NATURE OF CLAIM

1. Plaintiffs bring this action to remedy the negligence and destruction of personal property through the acts and/or omissions of Defendants and the emotional distress suffered as a result of the Defendants' acts and/or omissions.

**ANSWER:** Defendants state that the Amended Complaint speaks for itself and deny committing any acts or omissions which give rise to any actionable claims of Plaintiffs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (diversity jurisdiction) and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

**ANSWER:** Defendants admit that the plaintiffs and the defendants are citizens of different states for diversity purposes. Defendants deny that the amount in controversy exceeds $75,000.00, inclusive or exclusive of costs and interest.

3. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391 because the events or omissions giving rise to the claim occurred within this District, and the events giving rise to the claims, occurred within the jurisdictional boundaries of the Northern District of Illinois.

**ANSWER:** Defendants admit that venue for the events and omissions alleged by Plaintiffs is proper in this District, and deny that any events or omissions occurred which give rise to actionable claims of Plaintiffs.

## PARTIES

4. At all times relevant hereto, Plaintiffs PAVEL ZISSU and AISE ZISSU are citizens of United States and the State of Illinois and resided in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** On information and belief, Defendants admit the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendant, IH2 PROPERTY ILLINOIS, L.P., a Delaware Limited Partnership (hereinafter referred to as "IH2") is located in the State of Delaware, and is organized pursuant to Delaware state law.

**ANSWER:** Defendants admit that IH2 is a Delaware limited partnership and is organized pursuant to Delaware law.

6. The acts and/or omissions of the partners of IH2 PROPERTY ILLINOIS are attributable to the partnership.

**ANSWER:** Defendants state that the allegations contained in paragraph 6 of the Amended Complaint are legal conclusions. Further answering, Defendants state that Plaintiffs have not alleged "acts and/or omissions of the partners of IH2" and therefore deny that any such acts are attributable to the partnership.

7. Defendant, THR BROKERAGE IL INC. d/b/a INVITATION HOMES, (hereinafter referred to as "Invitation Homes") is located in the State of Delaware, and is organized pursuant to Delaware state law.

**ANSWER:** Defendants admit that Invitation Homes is a corporation organized pursuant to Delaware law.

8. The acts and/or omissions of the partners of INVITATION HOMES are attributable to the partnership.

**ANSWER:** Defendants state that the allegations contained in paragraph 8 of the Amended Complaint are legal conclusions. Further answering, Defendants state that Invitation Homes is a corporation, not a partnership.

9. INVITATION HOMES is an agent of IH2.

**ANSWER:** Defendants admit the allegations contained in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10. At all relevant times herein, IH2 was engaged in the business of owning properties in the State of Illinois, including evicting residents of said properties.

**ANSWER:** Defendants admit that IH2 was and is engaged in the business of owning and renting properties in the State of Illinois.

11. At all relevant times herein, IH2 acted through its partners, agents, officers, servants.

**ANSWER:** Defendants state that the allegations contained in paragraph 11 of the Amended Complaint are legal conclusions. Further answering, Defendants state that IH2, like all partnerships, acts through its partners, officers and agents.

12. Upon information and belief, IH2 does not have any employees.

**ANSWER:** Defendants admit the allegations contained in paragraph 12 of the Amended Complaint.

13. At all relevant times herein, Invitation Homes was engaged in the business of managing real estate in the State of Illinois, including evicting residents of said properties.

**ANSWER:** Defendants admit that Invitation Homes was and is engaged in the business of managing real estate in the State of Illinois owned by IH2.

14. At all relevant times herein, Invitation Homes acted through its partners, agents, officers, servants, and/or employees.

**ANSWER:** Defendants state that the allegations contained in paragraph 14 of the Amended Complaint are legal conclusions. Further answering, Defendants state that IH2, like all partnerships, acts through its partners, officers and agents.

15. At all relevant times herein, Plaintiffs resided at 6249 North Karlov Avenue, City of Chicago, County of Cook, State of Illinois (hereinafter referred to as "subject premises").

**ANSWER:** Defendants admit that at certain times, Plaintiffs resided at the Subject Premises.

16. At all relevant times herein, Defendants were on notice that Plaintiffs did not abandon the subject premises or personal property therein.

**ANSWER:** Defendants state that "abandonment" is a legal term. Further answering, Defendants state that Plaintiffs were on notice for several months that they were to be lawfully evicted and were aware that their personal property would be affected by the eviction.

17. On or about January 26, 2015, Defendants arrived at the subject premises, along with the Cook County Sheriff, to obtain possession of the subject premises only and to evict anyone residing therein, subject to an Order for Possession issued by Judge Alfredo Maldonado of the Circuit Court of Cook County on October 16, 2014.

**ANSWER:** Defendants admit that on or about January 26, 2015, an agent of Invitation Homes arrived at the Subject Premises to incident to a lawful Order of Possession issued by Judge Alfredo Maldonado of the Circuit Court of Cook County on October 16, 2014.

18. At all relevant times herein, Defendants were on notice that Plaintiffs were elderly and suffered from serious medical conditions.

**ANSWER:** Defendants admit that counsel for Plaintiffs notified counsel for IH2 that Plaintiffs were elderly.

19. Upon information and belief, the Cook County Sheriff did not find the Plaintiffs upon entry into the subject premises.

**ANSWER:** Defendants admit the allegations contained in paragraph 19 of the Amended Complaint.

20. Upon information and belief, the Cook County Sheriff photographed all personal property belonging to the Plaintiffs inside of the subject premises on the day of eviction.

**ANSWER:** Defendants admit that the Cook County Sheriff took photographs at the Subject Premises on January 26, 2015. Defendants lack knowledge sufficient to admit or deny whether the Cook County Sheriff photographed all personal property allegedly belonging to Plaintiffs inside the Subject Premises.

21. Upon information and belief, the Cook County Sheriff turned over possession of only the subject premises to Defendants.

**ANSWER:** Defendants admit the allegations contained in paragraph 21 of the Amended Complaint.

22. According to the aforementioned order entered on October 16, 2014, Judge Maldonado only granted possession of the subject premises to IH2 and not to the Plaintiffs' personalty.

**ANSWER:** Defendants state that the October 16, 2014 Order speaks for itself and denies any allegations inconsistent therewith.

23. At all relevant times herein, Defendants were on notice that Plaintiffs had made arrangements to move personal possessions.

**ANSWER:** Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24. On or about January 26, 2015, the weather was twenty-one (21) degrees Fahrenheit, with a mix of snow and rain, and there was ice and snow on the grounds of the property.

**ANSWER:** Defendants lack knowledge sufficient to admit or deny the allegations contained in paragraph 24 of the Amended Complaint with respect to the precise weather conditions. Further answering, Defendants state that there was snow on the grounds of the property.

25. Upon information and belief, Defendants seized, removed and discarded all personal property belonging to the Plaintiffs from the subject premises, including, but not limited to, personal papers containing private and sensitive identity information, photographs, expensive jewelry, electronics, furniture, clothing and prescription medication.

**ANSWER:** Defendants admit that Invitation Homes removed the personal property that remained in the Subject Premises. Further answering, Defendants state that Invitation Homes was under no duty or obligation to safeguard Plaintiffs' alleged personal property.

26. Upon information and belief, the Plaintiffs' personal belongings were then scattered and strewn about in public view and disposed of as garbage.

**ANSWER:** Defendants admit that Invitation Homes removed Plaintiffs' alleged personal belongings from the Subject Premises and placed them in public view. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 26 of the Amended Complaint.

27. Among the personal items of the Plaintiffs' that were damaged, destroyed, stolen or thrown out include but are not limited to televisions, clothing, refrigerator/freezer full of food, washer and dryer, DVD players, copper pots and pans, silverware, dining room set, dishes, Gold Icon watch from Greece, bedroom sets, TV stands, bar stools, jewelry, art work/pictures, medication and vitamins, tax returns, contracts, receipts, credit card statements, bank statements, photographs and cash.

**ANSWER:** Defendants lack knowledge sufficient to admit or deny the allegations contained in paragraph 27 of the Amended Complaint and therefore deny said allegations and demand strict proof thereof.

## COUNT I – NEGLIGENCE
## (ALL DEFENDANTS)

28. Plaintiffs incorporate Paragraphs 1-27 above as Paragraph 28 in Count I.

**ANSWER:** Defendants restate their answers to paragraphs 1-27 as if set forth fully as their answer to this paragraph 28 of Count I.

29. Defendants owed a duty to Plaintiffs to protect their personal belongings during and after the eviction.

**ANSWER:** Defendants deny the allegations contained in paragraph 29 of the Amended Complaint.

30. On the day of eviction, Plaintiffs gave notice by leaving a sign in plain view specifically stating that their personalty was not abandoned and should not be touched nor discarded.

**ANSWER:** Defendants admit that Plaintiffs, who were aware that their eviction was imminent, left a note at the Subject Premises the day of the eviction. Further answering, Defendants state that such note speaks for itself and deny any allegations inconsistent therewith.

31. It was foreseeable and a substantial certainty that by discarding the personal property outside and into public view, including but not limited to documents containing sensitive information, photographs, jewelry, furniture and electronics, Plaintiffs' possessions, in addition to their identities, could be stolen resulting in permanent losses.

**ANSWER:** Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

32. The likelihood of theft of the personalty was extremely high due to the value and type of the items discarded and left unprotected.

**ANSWER:** Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.

33. It was foreseeable and a substantial certainty that by discarding all aforementioned personal property outside, it would be damaged or destroyed by the snow, rain, ice and freezing temperatures causing permanent loss.

**ANSWER:** Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34. The likelihood of damage was extremely high, if not 100% probable, from the day's inclement weather as well as from the accumulation on previous days.

**ANSWER:** Defendants deny the allegations contained in paragraph 34 of the Amended Complaint.

35. The consequences of placing such a burden on the Defendants are minor, if any, and would not have prejudiced the Defendants.

**ANSWER:** Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

36. As a direct and proximate result of said acts, Plaintiffs have suffered property loss and distress and continue to suffer distress and expenses, in excess of $75,000.00.

**ANSWER:** Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

### COUNT II – TRESPASS TO CHATTELS
### (ALL DEFENDANTS)

37. Plaintiffs reallege Paragraphs 1-36 of the previous sections of the Complaint as Paragraph 37 of this Count II.

**ANSWER:** Defendants restate their answers to paragraphs 1-36 as if set forth fully as their answer to this paragraph 37 of Count II. Further answering, Defendants state that it is improper for Plaintiffs to incorporate allegations from Count I into Count II.

38. The Defendants intended to assert dominion and/or control over the Plaintiffs' aforementioned personal property due to it being inside the subject premises.

**ANSWER:** Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39. The Defendants asserted dominion and/or control over the Plaintiffs' aforementioned personal property being inside the subject premises.

**ANSWER:** Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

40. The Defendants asserted physical dominion and/or control over the Plaintiffs' aforementioned personal property by removing it from the inside of the subject premises.

**ANSWER:** Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

41. The Defendants' dominion and/or control resulted in harm to the property and caused interference with Plaintiffs' use of the property.

**ANSWER:** Defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

42. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal property, emotional distress and ailments, and continue to suffer distress and expenses, which exceed $75,000.00.

**ANSWER:** Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

### COUNT III – CONVERSION
### (ALL DEFENDANTS)

43. Plaintiffs reallege Paragraphs 1-42 of the previous sections of the Complaint as Paragraph 43 of this Count III.

**ANSWER:** Defendants restate their answers to paragraphs 1-42 as if set forth fully as their answer to this paragraph 43 of Count III. Further answering, Defendants state that it is improper for Plaintiffs to incorporate allegations from Count I and Count II into Count III.

44. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal property and continue to suffer distress and expenses.

**ANSWER:** Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.

## COUNT IV – BAILMENT
## (ALL DEFENDANTS)

45. Plaintiffs reallege Paragraphs 1-44 of the previous sections of the Complaint as Paragraph 45 of this Count IV.

**ANSWER:** Defendants restate their answers to paragraphs 1-44 as if set forth fully as their answer to this paragraph 45 of Count IV. Further answering, Defendants state that it is improper for Plaintiffs to incorporate allegations from Count I, Count II and Count III into Count IV.

46. An implied bailment of the Plaintiffs' personal property was created when only the subject premises was turned over by the Cook County Sheriff to the Defendants.

**ANSWER:** Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants accepted the Plaintiffs' personal property in good to excellent condition upon acceptance of the subject premises.

**ANSWER:** Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendants failed to return Plaintiffs' personalty in its entirety and failed to return Plaintiffs' property in non-damaged condition.

**ANSWER:** Defendants deny the allegations contained in paragraph 48 of the Amended Complaint.

49. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal property and continue to suffer distress and expenses.

**ANSWER:** Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

50. Plaintiffs reallege Paragraphs 1-49 of the previous sections of the Complaint as Paragraph 50 of this Count V.

**ANSWER:** Defendants restate their answers to paragraphs 1-49 as if set forth fully as their answer to this paragraph 50 of Count V. Further answering, Defendants state that it is improper for Plaintiffs to incorporate allegations from Count I, Count II, Count III and Count IV into Count V.

51. Defendants' conduct in removing and disposing of Plaintiffs' personal property was extreme and outrageous, especially relating to, but not limited to, life-saving prescription medication, sensitive documents containing personal information, expensive jewelry and electronics.

**ANSWER:** Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendants intended to cause and/or recklessly caused and/or consciously disregarded the probability of causing emotional distress to the ill, elderly Plaintiffs.

**ANSWER:** Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

53. Plaintiffs in fact suffered severe emotional distress upon finding their belongings, including the aforementioned life-saving prescription medication, sensitive documents containing personal information, expensive jewelry and electronics, strewn about in the ice, snow and rain outside of the subject premises or completely missing.

**ANSWER:** Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer distress and expenses.

**ANSWER:** Defendants deny the allegations contained in paragraph 54 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### GENERAL ALLEGATIONS

1. Plaintiffs were the prior owner of record of the property referenced in Plaintiff's Amended Complaint - 6249 North Karlov Avenue, Chicago, Illinois 60646 (the "Subject Premises").

2. On or about March 3, 2014, an Order Approving Foreclosure Report of Sale and Distribution and Order for Possession and Deed (the "Confirmation Order") was entered in the Circuit Court of Cook County, Illinois, in the matter titled, *Deutsche Bank National Trust Company, as Trustee for the Holders of the BCAP LLC Trust 2007-AA2, LP v. Simona Zissu a/k/a Simona Roganovic, et al., 2009 CH 28229*, granting IH2 title and possession of the Subject Premises.

3. After obtaining legal title to the Subject Premises, IH2 took all steps required by Illinois and federal law to notify Plaintiffs of IH2's ownership of the Subject Premises and to terminate Plaintiffs' occupancy of the Subject Premises. The required legal notices were served on Plaintiffs on or about May 9, 2015 and are attached hereto as Group Exhibit 1.

4. Despite receipt of a Notice to Quit, which required Plaintiffs to surrender and vacate the Subject Premises on or before August 8, 2015, Plaintiffs remained in the Subject Premises, and did not pay any rent to IH2.

5. Accordingly, IH2 filed an eviction action against Plaintiffs, as Case No. 14 M1 719136, in the Circuit Court of Cook County, Illinois.

6. On October 16, 2014, Judge Alfredo Maldonado entered an Order of Possession in favor of IH2 and against Plaintiffs. The enforcement of the judgment was stayed until October 30, 2014. A true and correct copy of the Order of Possession is attached hereto as Exhibit 2.

7. Plaintiffs filed a motion to stay the eviction incident to the Order of Possession. On December 17, 2014, Judge Maldonado denied the motion to stay. A true and correct copy of Judge Maldonado's December 17, 2014 Order is attached hereto as Exhibit 3.

8. Between December 17, 2014 and January 13, 2015, counsel for Plaintiffs and counsel for IH2 engaged in email correspondence wherein counsel for Plaintiffs requested that IH2 agree to postpone the eviction until on or after February 6, 2015, in exchange for certain payments by Plaintiffs which would be consideration for their continued rent-free occupancy of the Subject Premises.

9. Plaintiffs and IH2 did not reach an agreement, and on January 13, 2015, counsel for Plaintiffs sent an email to counsel for IH2 withdrawing Plaintiffs' offer. A true and correct copy of Plaintiffs' counsel's email to IH2's counsel is attached hereto as Exhibit 4.

10. Upon withdrawing their offer, on January 13, 2015 at 2:16 p.m., Plaintiffs filed a second motion to extend the stay of the Order of Possession (even though the original stay through October 16, 2014 had long since expired and Plaintiffs' first motion for extension was denied). A true and correct copy of Plaintiffs' second motion to extend stay is attached hereto as Exhibit 5.

11. The January 2015 motion to extend stay was noticed for presentation on February 9, 2015, but requested that the court stay the Order of Possession only until February 2, 2015. See Exhibit 5. The January 2015 motion to extend stay was not noticed up as an emergency motion.

12. The eviction occurred on January 26, 2015; thirteen days after Plaintiffs filed their second motion to extend stay, more than eight months after they received notice to vacate and surrender the Subject Premises, more than five months after they were legally obligated to vacate

the Subject Premises following the 90-day grace period, more than five months after IH2 filed its eviction complaint, and more than three months after the court entered the Order of Possession.

13. Plaintiffs had knowledge that the eviction might occur at any time following December 17, 2014.

14. Neither Plaintiffs nor any of their representatives were present for the eviction.

15. Plaintiffs never entered into a lease agreement with IH2 with respect to their occupancy of the Subject Premises.

FIRST AFFIRMATIVE DEFENSE
ASSUMPTION OF THE RISK

16. Defendants repeat and reallege paragraphs 1 through 15 of the General Allegations of their Affirmative Defenses as if set forth in full in this paragraph 16 of their First Affirmative Defense.

17. Plaintiffs knew or should have known that as of the expiration of the initial stay, the Cook County Sheriff could lawfully evict them at any time after October 30, 2014.

18. Plaintiffs knew or should have known that after their first motion to extend stay was denied on December 17, 2014, the Cook County Sheriff could lawfully evict them at any time after December 17, 2014.

19. Plaintiffs did not move themselves or their alleged personal property out of the Subject Premises at any time after October 30, 2014 or December 17, 2014 despite their knowledge that the Cook County Sheriff could lawfully evict them at any time.

20. Plaintiffs knew or should have known that when the Cook County Sheriff effectuated the eviction, they would be locked out of the Subject Premises.

21. Plaintiffs knew or should have known that when the Cook County Sheriff effectuated the eviction, their alleged personal property may be compromised.

22. Plaintiffs impliedly consented to encounter an inherent and known risk of damage to their alleged personal property when they: (a) received notice that their first motion to stay was denied on December 17, 2014; (b) knew that an eviction was imminent in January 2015; (c) filed a second motion for stay and scheduled the motion for presentment *four weeks* after the motion was filed on a non-emergency basis; and (d) failed to make arrangements to move their alleged personal property for three months after the Order of Possession was entered.

23. Defendants are excused from any legal duty concerning safeguarding Plaintiffs' alleged personal property as a result of Plaintiffs' assumption of the risk.

24. The Plaintiffs' assumption of the risk operates as a complete defense to Plaintiffs' claims.

WHEREFORE, Defendants IH2 Property Illinois, LP and THR Brokerage IL Inc. respectfully request that this Court enter judgment in favor of Defendants and against Plaintiffs on Defendants' First Affirmative Defense, dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and grant Defendants such other and further relief as this Court deems proper.

### SECOND AFFIRMATIVE DEFENSE
### DOCTRINE OF AVOIDABLE CONSEQUENCES

25. Defendants repeat and reallege paragraphs 1 through 15 of the General Allegations of their Affirmative Defenses as if set forth in full in this paragraph 25 of their Second Affirmative Defense.

26. Plaintiffs first received notice of IH2's ownership of the Subject Premises in May 2014 and were notified that they were to surrender and vacate the Subject Premises in August, 2014. Plaintiffs ignored the notices and continued to occupy the Subject Premises, without a lease agreement.

27. Following their decision to ignore IH2's notices and force IH2 to file an eviction complaint to gain legal possession of the Subject Premises, an Order of Possession was entered in favor of IH2 and against Plaintiffs on October 16, 2014, with the customary 14-day stay period until October 30, 2014.

28. Plaintiffs had no legal right to possession of the Subject Premises after October 30, 2014.

29. The consequences Plaintiffs allege – damage to their personal property – were reasonably avoidable if Plaintiffs had moved their alleged personal property out of the Subject Premises any time in the **_92 days_** (October 30, 2014 through January 26, 2015) during which they had no legal right to occupy the Subject Premises.

30. Plaintiffs may not seek damages for the eminently avoidable consequence of alleged property damage caused by Plaintiffs' squatting, refusal to follow court orders and moving their personal property from the Subject Premises.

WHEREFORE, Defendants IH2 Property Illinois, LP and THR Brokerage IL Inc. respectfully request that this Court enters judgment in favor of Defendants and against Plaintiffs on Defendants' Second Affirmative Defense, dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and grant Defendants such other and further relief as this Court deems proper.

### THIRD AFFIRMATIVE DEFENSE
### MITIGATION OF DAMAGES

31. Defendants repeat and reallege paragraphs 1 through 15 of the General Allegations of their Affirmative Defenses as if set forth in full in this paragraph 31 of their Third Affirmative Defense.

32. Plaintiffs had a duty to mitigate any alleged damages.

33. Plaintiffs could have reasonably mitigated their alleged damages if Plaintiffs had moved their alleged personal property out of the Subject Premises any time in the ***92 days*** (October 30, 2014 through January 26, 2015) during which they had no legal right to occupy the Subject Premises.

34. Defendants are not liable for damages which Plaintiffs failed to reasonably mitigate.

35. Plaintiffs' alleged damages could have been reasonably mitigated in their entirety.

WHEREFORE, Defendants IH2 Property Illinois, LP and THR Brokerage IL Inc. respectfully request that this Court enters judgment in favor of Defendants and against Plaintiffs on Defendants' Third Affirmative Defense, dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and grant Defendants such other and further relief as this Court deems proper.

## FOURTH AFFIRMATIVE DEFENSE
### NO LEGAL DUTY OWED TO PLAINTIFFS

36. Defendants repeat and reallege paragraphs 1 through 15 of the General Allegations of their Affirmative Defenses as if set forth in full in this paragraph 36 of their Fourth Affirmative Defense.

37. Plaintiffs' action is predicated on Defendants owing a duty to Plaintiffs to safeguard Plaintiffs' alleged personal property after IH2 lawfully evicted Plaintiffs from the Subject Premises.

38. Defendants owed no legal duty to Plaintiffs to safeguard their alleged personal property.

WHEREFORE, Defendants IH2 Property Illinois, LP and THR Brokerage IL Inc. respectfully request that this Court enters judgment in favor of Defendants and against Plaintiffs

on Defendants' Fourth Affirmative Defense, dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and grant Defendants such other and further relief as this Court deems proper.

Dated: February 19, 2016

                        Respectfully submitted,

                    By:  /s/Miles V. Cohen
                        One of the Attorneys for Defendant IH2 Property Illinois, LP and THR Brokerage IL Inc.

Miles V. Cohen (6242698)
Sonia S. Kinra (6271271)
Scott & Kraus, LLC
150 S. Wacker Drive, Suite 2900
Chicago, Illinois 60606
(312) 327-1050
mcohen@skcounsel.com
skinra@skcounsel.com